UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JENNIFER JANE CHAPA | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-901-SDJ |
| | § | |
| COMMISSIONER, SSA | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United
States Magistrate Judge ("Report"), this matter having been referred to the
Magistrate Judge pursuant to 28 U.S.C. § 636. On August 1, 2022, the Report of the
Magistrate Judge, (Dkt. #17), was entered containing proposed findings of fact and a
recommendation that the final decision of the Commissioner of the Social Security
Administration be affirmed. Plaintiff Jennifer Jane Chapa timely filed an objection
to the Report. (Dkt. #18). Having received the Report, reviewed Chapa's objection,
and conducted de novo review, the Court determines that the Magistrate Judge's
Report should be adopted.

**I.**

A district court reviews the findings and conclusions of a magistrate judge de
novo only if a party objects within fourteen days of the report and recommendation.
28 U.S.C. § 636(b)(1). To challenge a magistrate judge's report, a party must
specifically identify those findings to which he objects. *See id.* Frivolous, conclusory,
or general objections need not be considered by the district judge. *Nettles v.
Wainright,* 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc), *overruled on other*

*grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). And objections that simply rehash or mirror the underlying claims addressed in the report are not sufficient to entitle the party to de novo review. *See Mark v. Spears*, No. 6:18-CV-309, 2022 WL 363586, at *1 (E.D. Tex. Feb. 7, 2022); *see also Nickelson v. Warden*, No. 1:11-CV-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012) ("[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition."); *United States v. Morales-Castro*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to de novo review of the findings, the district court should be spared the chore of traversing ground already plowed by the Magistrate." (quotation omitted)).

## II.

Chapa's objection rehashes arguments that were rejected by the Magistrate Judge in the Report. The objection's core argument is that, in deciding that Chapa could perform a full range of sedentary work, the administrative law judge ("ALJ") impermissibly disregarded medical findings from Chapa's treating physician and failed to account for Chapa's severe impairments. But as the Report explains, the ALJ appropriately weighed the competing medical evidence under the current rule for evaluating medical opinion evidence in disability cases.

The Social Security Administration issued a new rule for evaluating medical opinion evidence for disability claims filed on or after March 27, 2017. Where the old rule assigned "controlling weight" to a treating physician's opinion (provided that the

opinion was adequately supported and not outweighed by substantial evidence), the new rule assigns no specific weight to a treating physician's opinion and instead requires the ALJ to "evaluate the persuasiveness" of all medical opinions and administrative medical findings together using factors that are enumerated in the Social Security regulations. *Compare* 20 C.F.R. § 404.1527(c)(2), *with* 20 C.F.R. § 404.1520c(a). These factors include the relationship with the claimant, the length of the relationship, the frequency of examinations, the purpose of the relationship, the extent of the relationship—and most importantly, the "supportability" and "consistency" of the medical opinion. 20 C.F.R. § 404.1520c.

Even under the old standard for evaluating medical opinion testimony, an ALJ's decision was not required to match the conclusions offered by the medical experts. *Dixon v. Comm'r, SSA*, No. 4:18-CV-634, 2019 WL 5875901, at *1 (E.D. Tex. Sept. 27, 2019). Instead, the ALJ serves a role similar to that of a "trial judge" or "jury" in that he should: "weigh the competing opinions, take into consideration all of the other evidence of record, and [even] make a finding that may not be exactly the same as the opinion of any one medical source." *D.J.M. v. Berryhill*, No. 18-CV-0193, 2019 WL 1601491, at *4 (W.D. La. 2019).

Here, the ALJ appropriately weighed the competing medical evidence and made a decision that was supported by substantial evidence. *See Webster v. Kijakazi*, 19 F.4th 715, 718–19 (5th Cir. 2021) (holding that substantial evidence supported the ALJ's decision although the record reflected conflicting medical evidence and the ALJ found a treating physician's opinion unpersuasive). As explained in the Magistrate

Judge's Report, the ALJ treated medical opinions from Chapa's treating physician, Dr. David Keelen, as unpersuasive because his opinions conflicted with his own clinical examination notes and were outweighed by other evidence. The ALJ observed, for instance, that Dr. Keelen's findings were contradicted by those of a consultive examiner, Dr. Amarnath Laxminarayan—who concluded that Chapa had a normal range of motion, normal bilateral handgrip, and normal fine finger movements.

The ALJ treated as persuasive administrative findings from a state agency medical consultant, Dr. Nancy Armstrong. Dr. Armstrong concluded that Chapa could lift or carry at least ten pounds, walk for two hours in the workday, and sit for six hours in the workday—conclusions that were supported by Dr. Armstrong's qualifications and the other evidence in the record, such as Dr. Laxminarayan's findings.

The objection does not provide any arguments against the ALJ's decision beyond arguments that were already considered in the Magistrate Judge's Report and rejected. (Dkt. #17 at 5–16). Many of the cases cited in the objection were decided under the old rule for evaluating medical opinion evidence in Social Security disability cases. *See Webster*, 19 F.4th at 718–19 ("ALJs are no longer required to give controlling weight to a treating physician's opinion, as was mandated by federal regulations and our caselaw in the past."). Those decisions place an "emphasis on treating physicians' opinions [that] no longer holds sway." *See Vasquez v. Comm'r of Soc. Sec.*, No. 7:21-CV-00028, 2022 WL 2975471, at *4 (N.D. Tex. June 30, 2022)

(citing *Webster*, 19 F.4th at 718–19), *adopted by*, 2022 WL 2972240 (N.D. Tex. July 26, 2022).

The objection also argues that, because the ALJ found Chapa to be significantly impaired, the ALJ was required to include greater limitations on her work ability. But that is not true: "[T]he ALJ is not required to incorporate limitations in the RFC that he or she did not find to be supported by the record." *See McCamant v. Comm'r, SSA*, No. 4:20-cv-212, 2021 WL 3603462, at *8 (E.D. Tex. Aug. 13, 2021). The objection does not cite any authorities to the contrary; instead, the objection cites cases in which the ALJ "provided no explanation to show that he considered the [the claimant's] severe impairment." *Campbell v. Berryhill*, No. 3:15-CV-3913-N (BH), 2017 WL 1102797, at *12 (N.D. Tex. Feb. 24, 2017), *adopted by*, No. 3:15-CV-3913-N (BH), 2017 WL 1091651 (N.D. Tex. Mar. 23, 2017). These cases do not apply here because the ALJ considered the full record and decided Chapa's work limitations based on substantial evidence.

The Court, reviewing de novo, concludes that the Magistrate Judge's Report is correct and that Chapa's objection is without merit.

### III.

For these reasons, Chapa's objection, (Dkt. #18), is **OVERRULED** and the Report and Recommendation of the United States Magistrate Judge, (Dkt. #17), is **ADOPTED** as the opinion of the Court.

It is therefore **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

6

**So ORDERED and SIGNED this 21st day of October, 2022.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE